*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 13-CT-1484

WILLIAM J. CHRISTIE, APPELLANT,

v.

DISTRICT OF COLUMBIA, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CTF-14891-13)

(Hon. Robert S. Tignor, Trial Judge)

(Submitted September 22, 2015     Decided October 15, 2015)

*Thomas Hailu* was on the brief for appellant.

*Karl A. Racine*, Attorney General for the District of Columbia, *Todd S. Kim*, Solicitor General, *Rosalyn Calbert Groce*, Deputy Solicitor General, and *John D. Martorana*, Assistant Attorney General, were on the brief for appellee.

Before WASHINGTON, *Chief Judge*, BLACKBURNE-RIGSBY, *Associate Judge*, and REID, *Senior Judge*.

REID, *Senior Judge*: At the conclusion of a bench trial, appellant William J.

Christie, was convicted of driving under the influence of alcohol or a drug (DUI),

in violation of D.C. Code § 50-2206.11 (2014 Repl.).[1]  In this appeal, he challenges the constitutionality of the statute and the sufficiency of the evidence.  For the reasons stated below, we affirm the trial court's judgment.

## FACTUAL SUMMARY

In the early morning of August 10, 2013, Officer Lauren Griffin, a nearly seven year veteran of the Metropolitan Police Department, was parked at the corner of 18th and K, in the Northwest quadrant of the District of Columbia.  At approximately 2:00 a.m., she noticed a gray Volkswagen Jetta, driven by Mr. Christie, headed eastbound in the 1800 block of K Street, when it made a 180 degree U-turn, and proceeded to head west down the one way, eastbound service lane that ran parallel to K Street.  She watched him go the wrong way down the service lane for "a while," and then briefly travel west in the eastbound lanes of K Street until finally moving over onto the appropriate side of the road.

---

[1]  In August 2013, the District of Columbia charged Mr. Christie under an earlier emergency version of the existing statute.  The existing statute, enacted as part of "The Comprehensive Impaired Driving and Alcohol Testing Program Amendment Act of 2012," took effect on April 27, 2013.

Officer Griffin signaled Mr. Christie to pull over, which he did. When she approached, Officer Griffin detected an odor of alcohol on Mr. Christie's breath, and noticed his speech was slurred. When asked, Mr. Christie admitted consuming two beers that evening. Officer Griffin performed the horizontal gaze nystagmus ("HGN") field sobriety test, which revealed six "clues" of Mr. Christie's intoxication.[2]

After putting Mr. Christie through the standard "walk and turn" and "one leg stand" sobriety tests,[3] Officer Griffin decided, based on the totality of the circumstances, that Mr. Christie was under the influence of alcohol, and she arrested him and placed him in the back of her cruiser. She briefly left him unattended, returning after "a couple of minutes" to find him "passed out."[4] Officer Griffin tried to wake Mr. Christie up, but he could not be roused. Mr.

---

[2] Officer Griffin noted that Mr. Christie could not smoothly pursue a stimulus on a horizontal plane with either eye, his eyes bounced when attempting to track a stimulus on a vertical plane, and he had an additional nystagmus in both eyes at forty-five degrees. These clues generally correlate with breathalyzer results showing a suspect intoxicated with a blood alcohol content of approximately .1.

[3] Officer Griffin performed other standardized field sobriety tests on Mr. Christie, but the results were not credited in the trial judge's findings.

[4] Mr. Christie took issue with being described as "passed out." He testified that he intentionally took a nap in the back of Officer Griffin's cruiser because he was exhausted.

Christie woke up after approximately ten minutes. At the police station, Mr. Christie was offered the opportunity to take a chemical test to confirm his sobriety, but he refused, on "principle."

At trial Mr. Christie admitted he drank sangria at lunch, and two beers at dinner. He also testified that he was a Virginia resident, his business was located in the District of Columbia, and he attended the George Washington University. He did not believe he was driving recklessly because he understood his U-turn to be countenanced in Virginia. He maintained that by the time he was pulled over, any alcohol he consumed was metabolized,[5] and that he smelled of alcohol because a waitress accidentally spilled a drink on him during the evening. He also claimed that he refused to submit to chemical analysis because he felt he was mistreated by Officer Griffin.

## ANALYSIS

Mr. Christie asserts several errors. First, he makes a facial challenge to the constitutionality of D.C. Code § 50-2206.11. He contends the statute is void for vagueness because the phrase "under the influence" does not notify a person of

---

[5] Mr. Christie did not present expert testimony from a forensic toxicologist.

ordinary intelligence of the statute's prohibition. The District argues that Mr. Christie has forfeited this claim because it was not raised in the trial court.

"Our review of a constitutional claim raised for the first time on appeal is entirely discretionary." *In re S.K.*, 564 A.2d 1382, 1384 n.2 (D.C. 1989). Furthermore, "[t]he specific terms of the statute need not be defined with mathematical precision." *McFarlin v. District of Columbia*, 681 A.2d 440, 449 (D.C. 1996) (quoting *In re L.E.J.*, 465 A.2d 374, 378 (D.C. 1983)). "As long as a person of ordinary intelligence exercising common sense, can understand and comply with the dictates of a statute, due process is not offended." *Id.*

Here, even assuming, without deciding, that the constitutional issue raised by Mr. Christie should be considered, we cannot agree that D.C. Code § 50-2206.11 is unconstitutionally vague. In *Taylor v. District of Columbia*, we were clear that one is guilty of driving "under the influence" of an intoxicant if he or she is appreciably "less able, either mentally or physically or both, to exercise the clear judgment and steady hand necessary to handle as powerful and dangerous a mechanism as a modern automobile with safety to himself and the public." 49 A.3d 1259, 1266-67 (D.C. 2012). We further clarified that the term "appreciable"

is interchangeable with the phrase "to the slightest degree,"[6] and should be understood to mean that level of impairment which is apparent to the "naked senses." *Id*. at 1267.

In light of our decision in *Taylor*, we discern no ambiguity in the statute's plain language, and conclude that people of ordinary intelligence can reasonably understand what conduct it prohibits. *McNeely v. United States*, 874 A.2d 371 (D.C. 2005) (citing *Kolender v. Lawson*, 461 U.S. 352 (1983)). Our conclusion is consistent with that in other cases where we have rejected challenges to statutes on the ground of vagueness. *See Gorbey v. United States*, 54 A.3d 668, 700 n.53 (D.C. 2012) (weapon of mass destruction statute); *McFarlin*, *supra* (panhandling statute). In short, we see no reason to invalidate the driving under the influence statute as unconstitutionally vague on its face.

Second, Mr. Christie argues that the evidence was insufficient to convict him

---

[6] In *Taylor*, we indicated our preference for the term "appreciable," due to its clarity, as opposed to the phrase "to the slightest degree," even though previous iterations of this court employed that phrase. 49 A.3d at 1266-67 (citing *Karamychev v. District of Columbia*, 772 A.2d 806, 812 (D.C. 2001); *Thomas v. District of Columbia*, 942 A.2d 645, 649 (D.C. 2008)).

of the charged offense.[7]  We disagree.  When reviewing the sufficiency of the evidence, "this court must view the evidence in the light most favorable to the government, recognizing the court's role as trier of fact in weighing the evidence, determining witness credibility, and drawing reasonable inferences from the evidence." *Olafisoye v. United States*, 857 A.2d 1078, 1086 (D.C. 2004).  When a case is tried before the bench, rather than before a jury, we will not disturb the trial court's findings "'unless it appears that judgment is plainly wrong or without evidence to support it.'"  *Id*. (citing D.C. Code § 17-305).

Mr. Christie was convicted of violating D.C. Code § 50-2206.11, which holds, "[n]o person shall operate or be in physical control of any vehicle in the District . . . [w]hile the person is under the influence of alcohol or any drug or any combination thereof."  This court understands the term "under the influence" to mean "the point at which a person is *appreciably* less able, either mentally or physically or both, to exercise the clear judgment and steady hand necessary to handle as powerful and dangerous a mechanism as a modern automobile with safety to himself and the public."  *Taylor*, *supra*, 49 A.3d at 1267 (citations

---

[7]  Mr. Christie also alleges that the trial court "erred in its application of the elements required to constitute a DUI offense," and that there was insufficient evidence for a reasonable trier of fact to conclude he drove his car while impaired. We consider these alternative means of challenging the sufficiency of the evidence.

omitted) (emphasis in original). "Appreciably" means that level of impairment "capable of being perceived by the naked senses[.]" *Id.*

Given these principles, we affirm the trial court's judgment. The trial judge clearly articulated several findings, based squarely on the evidence adduced at trial, which formed the basis for Mr. Christie's conviction.[8] Specifically, he cited Mr. Christie's concession that he drove the wrong way down a one way service road, in a city familiar to him, as evidence he was impaired by the alcohol he consumed that day. He further cited Mr. Christie's failure of the HGN test, his odor of alcohol, admission to drinking, and slurred speech, as corroborative evidence of impairment.[9] Finally, the trial judge found Mr. Christie's explanation for refusing chemical analysis lacked credibility, and that it showed Mr. Christie feared its results would be incriminating rather than exculpatory.[10] Taken together, we are

---

[8] The trial judge was equally clear about those facts which he found unpersuasive: *i.e.* Officer Griffin's account that Mr. Christie was sweaty, and could not stand for a prolonged period on one foot.

[9] There was no dispute that Mr. Christie was operating the vehicle.

[10] Mr. Christie argues the trial judge should not have inferred Mr. Christie's consciousness of guilt based on this refusal because of his later finding that Mr. Christie was generally candid. But this court's precedent permits a fact-finder to make such an inference. *Cf. Karamychev*, *supra*, 772 A.2d at 813 ("[Appellant's] refusal to take chemical tests at the police station was evidence from which the judge could properly infer consciousness of guilt").

satisfied that these facts amply demonstrate that Mr. Christie both drove the car, and did so while "under the influence." *Taylor*, *supra*, 49 A.3d at 1267.

Accordingly, for the foregoing reasons, we affirm the judgment of the trial court.

*So ordered.*